UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EUGENE WILLIE SEREAL, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-1 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Eugene Willie Sereal (TDCJ #1565506), an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a Petition for a Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2254, challenging a conviction for possession of cocaine. Now before the Court is respondent's motion for summary judgment (Doc No. 10), to which Sereal has responded. (Doc No. 13). Having carefully reviewed all relevant pleadings, the Court concludes that this habeas petition is barred by limitations, and summary judgment is granted.

### I. Procedural History-Timeline

| | |
|---|---|
| February 13, 2009 | Conviction |
| March 31, 2011 | Conviction affirmed by First Court of Appeals |
| September 14, 2011 | Petition for Discretionary Review refused by Texas Court of Criminal Appeals. |
| December 23, 2011 | First state writ of habeas corpus filed |

| | |
|---|---|
| March 21, 2012 | State writ dismissed because direct appeal was pending. (Mandate issued on February 3, 2012 but had not issued when state writ was filed.)[1] |
| May 10, 2013 | Second state writ of habeas corpus filed. |
| June 24, 2013 | Third state writ of habeas corpus filed |
| August 14, 2013 | Second state writ dismissed as non-compliant |
| October 23, 2013 | Third state writ denied without written order on trial court findings |
| January 3, 2014 | Federal writ of habeas corpus filed. |

## II.  One-Year Statute of Limitations

The petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

---

[1] Prior to the issuance of a mandate, a judgment is not final. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).

2 / 7

>   of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

When a petitioner challenges a state court conviction, the statute of limitations for federal habeas corpus review begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Fifth Circuit has observed that "the evaluation of when a conviction is final for federal habeas purposes is based on federal law." *Butler v. Cain*, 533 F.3d 314, 318 n. 1 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)). Sereal's conviction was affirmed on March 31, 2011, and his petition for discretionary review was refused on September 14, 2011. Therefore, under 28 U.S.C. § 2244(d)(1)(A), Sereal's conviction became final on December 13, 2011, when the time expired for filing a petition for writ of certiorari in the United States

Supreme Court. Thus, under the AEDPA, the one-year limitation period for filing his federal petition began on December 13, 2011 and expired on December 13, 2012.

The timeline reveals that Sereal's first state writ was filed before the expiration of the one-year limitation period, but during the pendency of his direct appeal. It was therefore untimely filed and dismissed. Consequently, the first state writ application did not toll the federal filing deadline.[2] Sereal's second and third state writ applications were each filed beyond the one-year filing deadline and thus failed to toll the federal deadline. Moreover, as correctly noted by respondent, Sereal's second state habeas writ was dismissed as non-compliant; therefore, it was not "properly filed" within the meaning of section 2244(d)(2). *See Williams v. Cain*, 217 F.3d 303, 309 (5th Cir. 2000) (distinguishing earlier cases and finding that when compliance with procedural requirements is necessary because there are no exceptions, non-complying applications are not "properly filed.").

Barring the existence of a statutory or equitable exception, the instant petition is time-barred. Petitioner has failed to demonstrate that any of the other limitation periods in 28 U.S.C. § 2244(d)(1) apply. He has alleged no state-created impediment that prevented him from filing his federal petition and does not base his petition on any new constitutional right or newly discovered facts.

Nor does the "extraordinary remedy" of equitable tolling save the untimely petition. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth

---

[2] A post-conviction petition which is rejected by the state court as untimely is not "properly filed" within the meaning of the statutory tolling provision of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 411-416 (2005).

Circuit has held that the AEDPA statute of limitations may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *See Larry v. Dretke*, 361 F.3d 890, 986-97 (5th Cir. 2004); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1998). The Supreme Court has clarified that a "petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010). Petitioner fails to meet either of these criteria.[3]

As noted above, Sereal waited over two years (after his conviction became final in 2011) to file a "properly filed" application for state writ of habeas corpus. Sereal offers no explanation for this delay, other than to wrongly opine that the state writ application that he filed in G-12-265 was pertinent to this cause and should be included in the time calculation. But "[i]gnorance of the law" or of statutes of limitations is insufficient to warrant tolling. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

Sereal has exercised insufficient diligent to warrant equitable tolling. He made no attempt to do anything after the mandate issued -- for over a year -- and provides no extraordinary circumstances to justify this delay. "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989).

---

[3] Sereal objects to the conclusions of the respondent and argues that he timely filed a state writ application in another civil action, number G-12-265, which should be considered when determining the statutory deadline period of this action. Petitioner is incorrect in his assumption.

Because neither statutory nor equitable tolling applies in this case, petitioner's habeas petition was filed outside the statutory limitations period and is untimely.

### III.   Certificate of Appealability

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. When denial of relief is based on

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the petition for writ of habeas corpus is **DISMISSED** with prejudice as barred by the statute of limitations.

 A certificate of appealability is **DENIED.**

It is so **ORDERED.**

SIGNED on this 21st day of May, 2015.

_____
Kenneth M. Hoyt
United States District Judge